IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **NATHANIEL GARECHT,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 16-cv-3161 |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Respondent. | ) ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Nathaniel Garecht's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion

shows that the Motion must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In June 2013, Petitioner was charged by Indictment with distribution of cocaine (Count 1), possession with intent to distribute cocaine (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3).  See United States v. Garecht, United States District Court, Central District of Illinois, Springfield Division, Case No. 13-cr-30038 (hereinafter Case No. 13-cr-30038), Indictment (d/e 6).  Petitioner ultimately pleaded guilty to all three Counts pursuant to a Plea Agreement. See Plea Agreement (d/e 28); Report and Recommendation (d/e 31); December 16, 2013 Text Order accepting the guilty plea.

Thereafter, the U.S. Probation Office prepared a Revised Presentence Investigation Report (PSR).  Case No. 13-cr-30038, PSR (d/e 37), amended by interlineation (d/e 41).  The Probation Office determined that Petitioner qualified as a career offender under the U.S. Sentencing Guidelines because Petitioner had at least two prior convictions of either a crime of violence or a controlled substance offense.  PSR ¶ 31; U.S.S.G. § 4B1.1(a).

Specifically, Petitioner had the following prior convictions—Home Invasion in Rock Island County, Illinois, Case No. 00-CF-130 and Aggravated Kidnapping and Aggravated Criminal Sexual Assault with a Weapon in Rock Island County, Illinois, Case No. 00-CF-181.  Id.  According to the PSR, Petitioner pleaded guilty to home invasion, which charged:

> [T]hat on February 14, 2000, the defendant entered the dwelling of [Corey L.] Dodson, having reason to know Dodson to be present within the dwelling and, while armed with a dangerous weapon, threatened the imminent use of force upon Dodson within her dwelling.

PSR ¶ 48.  The PSR also stated that Petitioner pleaded guilty to aggravated kidnapping and aggravated criminal sexual assault, which charged that on March 1, 2000, defendant committed aggravated kidnapping in that he knowingly and secretly confined Dodson against her will and committed an aggravated criminal sexual assault upon her (Count 1).  PSR ¶ 49.  Count 2 charged:

> [T]hat on March 1, 2000, the defendant committed the offense of Aggravated Criminal Sexual Assault in that while displaying a gun, he committed a criminal sexual assault against Dodson in that by the use of force, he placed his penis in the vagina of Dodson.

PSR ¶ 49.[1] At the Sentencing Hearing, the Court found that Petitioner qualified as a career offender due to his prior felony conviction for home invasion and his prior felony conviction for aggravated kidnapping and aggravated criminal sexual assault with a weapon.

Petitioner's designation as a career offender resulted in an advisory sentencing guideline range of 262 to 327 months imprisonment. Case No. 13-cr-30038, PSR ¶ 92. In February 2014, the Court sentenced Petitioner to a total of 180 months' imprisonment—120 months on each of Counts 1 and 2 to be served concurrently and the mandatory 60 months on Count 2 to be served consecutively. Case No. 13-cr-30038, Judgment (d/e 42). Petitioner did not file an appeal.

On June 13, 2016, Petitioner filed his § 2255 Motion asserting that, in light of <u>Johnson v. United States</u>, 135 S. Ct.

---

[1] Petitioner initially objected to his classification as a career offender in Paragraph 31 and objected to the aggravated kidnapping and aggravated criminal sexual assault convictions noted in Paragraph 49 because the sex was consensual, Petitioner entered an Alford plea, and no violence was present. <u>See</u> Commentary to Sentencing Factors, d/e 39, Case No. 13-cr-30039. At the sentencing hearing, however, Petitioner withdrew his sentencing commentary, including all of his objections to the PSR. (Audio recording of the Sentencing Hearing); <u>but</u> <u>see</u> Addendum to the Presentence Report (d/e 44) (wherein the Court adopted the Probation Officer's and Government's position and denied Petitioner's objections).

2551 (2015), he does not qualify as a career offender because his prior convictions no longer qualify as crimes of violence under the guidelines. Petitioner also argues that his home invasion conviction was not a violent felony because the State considered the offense a non-violent offense.

## II. ANALYSIS

A brief explanation of the Armed Career Criminal Act is necessary to put Petitioner's claims in context. Generally, the penalty for the offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g), is up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, if a defendant violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, the Armed Career Criminal Act increases the sentence to a term of imprisonment of not less than 15 years and up to life. 18 U.S.C. § 924(e)(1); Johnson, 135 S. Ct. at 2555.

The Act defines a violent felony as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>    (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u> [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The underlined portion is referred to as the "residual clause." The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The <u>Johnson</u> decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

Petitioner asks the Court to apply the holding of <u>Johnson</u> to the career offender guideline, which contains an identically worded residual clause. Under the guidelines, a defendant qualifies as a career offender if the defendant was at least 18 years old when he

committed the instant offense, the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A "crime of violence" is defined in the guidelines as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

U.S.S.G. § 4B1.2(a) (emphasis added). Like the Armed Career Criminal Act, the career offender guideline contains an elements clause (§ 4B1.2(a)(1)), an enumerated clause (§ 4B1.2(a)(2) (listing burglary of a dwelling, arson, extortion, or offenses that involve the use of explosives), and a residual clause (underlined above).

Whether the holding of <u>Johnson</u> applies to the career offender guideline is an issue that is currently pending before the Seventh Circuit. See <u>United States v. Rollins</u>, 13-1731 (7th Cir. argued Dec. 2, 2015); <u>United States v. Hurlburt</u>, 14-3611 (7th Cir. argued

Dec. 2, 2015); United States v. Gillespie, 15-1686 (7th Cir. argued Dec. 2, 2015). However, even if the holding of Johnson applies to the career offender guideline, and, therefore, invalidates the career offender residual clause, it is far from certain that Johnson would apply retroactively on collateral review to offenders sentenced as career offenders under the residual clause of the career offender guideline. See, e.g., Cummings v. United States, No. 15-cv-1219-JPS, 2016 WL 799267, at *16 (E.D. Wis. Feb. 29, 2016) (appeal filed) (concluding that Seventh Circuit precedent barred the court from granting relief to a § 2255 petitioner sentenced under the residual clause of the career-offender guideline).

Nonetheless, even assuming Johnson applies retroactively on collateral review to defendants sentenced under the career offender guideline, the record demonstrates Petitioner is not entitled to relief because Petitioner's prior convictions did not qualify as crimes of violence under the residual clause of the career offender guideline. Instead, the home invasion and aggravated criminal sexual assault convictions qualified as crimes of violence under the elements clause of the career offender guideline. See U.S.S.G. § 4B1.2(a) (providing that a conviction qualifies as a crime of

violence under the elements clause when it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]").

To determine whether a prior conviction qualifies as a violent felony, courts use the "categorical approach." See Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Rogers, 804 F.3d 1233, 1236 (7th Cir. 2015) ("The 'elements-centric' categorical approach is an established method of evaluating whether prior convictions count for purposes of some sentence-enhancement statutes, most notably the Armed Career Criminal Act"). Under the categorical approach, the court looks at the elements of the statute of the prior conviction, not the particular facts that underlie the conviction. Taylor, 495 U.S. at 600. A modified categorical approach applies when a prior conviction is for violating a divisible statute—one that sets out one or more elements of the offense in the alternative. Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). When applying the modified categorical approach, the court may look at a limited class of documents, such as the charging document, the transcript of the plea hearing, or the jury instructions, to determine which of a statute's alternative elements

formed the basis of the prior conviction.  See Taylor, 495 U.S. at 602; Shepherd v. United States, 544 U.S. 13, 26 (2005).

In this case, Petitioner qualified as a career offender based on his prior home invasion and aggravated criminal sexual assault convictions.  See 720 ILCS 5/12-11 (West 2000) (home invasion statute); 720 ILCS 5/12-14 (West 2000) (aggravated criminal sexual assault statute).  The statutes in question are divisible statutes—meaning the statutes describe "distinct modes of committing the offense in which some conduct may constitute a crime of violence while other conduct does not[.]"  United States v. Johnson, 680 F.3d 966, 984 (7th Cir. 2012) (defining divisible statute).  Applying the modified categorical approach, the Court finds that that the convictions qualified as crimes of violence under the elements clause of the career offender guideline, not the residual clause.

When Petitioner was convicted of home invasion, one of the ways that a person could commit such an offense was by knowingly entering the dwelling place of another without authority, knowing or having reason to know one or more persons is present, and while armed with a dangerous weapon, other than a firearm,

using force or threatening the imminent use of force upon any person or persons within such dwelling place whether or not injury occurred. See 720 ILCS 5/12-11(a)(1) (West 2000). Such an offense qualifies as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See United States v. Rucker, No. 15 C 50202, 2015 WL 9478216, at *2 (N.D. Ill. Dec. 29, 2015) (appeal filed) (finding home invasion under 720 ILCS 5/12-11(a)(1) "clearly falls within the definition of a crime of violence" under the career offender guideline).

    The record of the prior criminal proceedings shows that Petitioner was convicted of home invasion under Section 12-11(a)(1). As stated above, the PSR reflected that Count 2 charged that defendant entered the dwelling of Dodson, having reason to know Dodson was present within the dwelling and, while armed with a dangerous weapon, threatened the imminent use of force upon Dodson within her dwelling. PSR ¶ 48. The sentencing judge was entitled to assume that the summary of the indictment contained in the PSR was accurate. See United States v. Aviles-Solarzano, 623 F. 3d 470, 475 (7th Cir. 2010) (noting "[t]here is no

reason to go digging for a state-court indictment if the parties agree on what it says"). Therefore, the home invasion conviction qualified as a crime of violence under the elements clause of the career offender guideline.

Petitioner's conviction for aggravated criminal sexual assault also qualified as a crime of violence under the elements clause. Under the Illinois statute at the time, an accused committed aggravated criminal sexual assault if he committed criminal sexual assault and an aggravating circumstance existed, such as the accused was armed with a firearm. 720 ILCS 5/12-14(a)(8) (2000). A criminal sexual assault was defined to include committing "an act of sexual penetration by the use of force or threat of force." 720 ILCS 5/12-13(a)(1) (2000). In this case, the record shows that Petitioner was convicted of committing aggravated criminal sexual assault because he committed an act of sexual penetration by the use of force while armed with a firearm. See PSR ¶ 49 (stating that Count 2 charged Petitioner with aggravated criminal sexual assault in that, while displaying a gun, Petitioner, by the use of force, placed his penis in the vagina of Dodson). Because the offense of which Petitioner was convicted

contained as an element the use or threatened use of force against a person, the conviction qualified as a crime of violence under the elements clause, not the residual clause.  As such, even if <u>Johnson</u> applies retroactively on collateral review to defendants sentenced under the career offender guideline, Petitioner is not entitled to relief.

    Petitioner also argues that his home invasion conviction does not qualify as a crime of violence because Illinois considers the offense a non-violent one.  Petitioner asserts that had his offense been violent, he would have had to serve 85% of his sentence but that he only had to serve 50% of his sentence.  <u>See</u> 730 ILCS 5/3-6-3(a)(2)(iii) (West 2000) (providing that a prisoner serving a sentence for home invasion could not receive more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment if the court entered a finding that the conduct leading to the conviction resulted in great bodily harm to a victim); <u>People v. Ryan</u>, 201 Ill. 2d 552, 556 (2002) (noting that section 3-6-3 mandates that a defendant convicted of an enumerated violent crime serve 85% of his sentence and not receive day-for-day good-conduct credit).  However, how the state law classifies an offense is

immaterial to the analysis under federal law, which is concerned with whether the elements of the statute of conviction are of the type that makes the offense a crime of violence.  See, e.g., United States v. Ker Yang, 799 F.3d 705, 752 (7th Cir. 2015) (noting, under the Armed Career Criminal Act, that the issue is whether the elements of the offense are of the type that makes the offense a violent felony under the Act, not whether the offense was actually committed in a violent or non-violent way) (quotations and citations omitted).

### III. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED.  The Clerk is DIRECTED to notify Petitioner of the dismissal.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of

the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).  This case is CLOSED.

**ENTER: June 27, 2016**

**FOR THE COURT:**
                              **s/Sue E. Myerscough**
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**